Dear Sheriff Hathaway:
You requested the opinion of this office concerning charging interest on a revised assessment on a property which was adjudicated to Caddo Parish from a 1987 Caddo Parish Tax Sale for 1986 Taxes.
You advised that the property is in the name of Louisiana Motor Inns, Inc. In 1986, Mr. Bobby Ward sold the property to another party and the property was subsequently, about 1988, placed in bankruptcy by the new owner. Sometime between 1989 and 1991, Mr. Ward received the property back in the bankruptcy proceeding and he remains the current owner. Mr. Ward is converting the former motel property, which is dilapidated, to a mini-storage facility. The policy of the Caddo Parish Tax Assessor is not to re-evaluate property residing on the adjudicated roll. Pursuant to negotiations, the Assessor is willing to cancel the 1987 adjudication and revise the property assessments. Mr. Ward would pay the revised amounts which would return the property to the regular tax rolls.
Your questions are whether interest can be charged on the revised amounts, and if, so, beginning with what year?
R.S. 47:2101(A)(3) allows a taxpayer fifteen days to pay without interest penalty in the event of an erroneous assessment and adjustment by the Louisiana Tax Commission. R.S.47:2101(A)(3) provides in pertinent part as follows:
 The interest on all ad valorem taxes, whether levied on movable or immovable property, which are delinquent shall begin on the thirty-first day of December of each and every year and shall bear interest from December thirty-first of such year until paid, at the rate of one percent per month or any part thereof. In the event of an erroneous assessment and adjustment by the tax commission, the taxpayer shall have fifteen days from receipt of notice of the revised assessment in which to pay the adjusted amount without interest penalty . . . (Emphasis added)
From the information supplied and in telephone conversations with your office and the Assessor's office, it does not appear that the situation at hand involves an erroneous assessment. R.S. 47:1991 pertaining to the cancellation of erroneous or double assessments provides in pertinent part as follows:
 "A. Upon a statement of the facts made under oath,
verified and approved by the assessor of the parish or district in which the property is situated, that the assessment is a clerical error, or an erroneous or double assessment, or that the property is exempt by the Louisiana Constitution from taxation, the affidavit being accompanied by the rendition made by the taxpayer on such property for the current year, where the affidavit explains the clerical error; shows in detail the erroneous assessment; and shows the assessment number in the double assessment; the Tax Commission shall authorize and direct the collector to correct the assessment on the roll on file in his office. Additionally when such notification is issued, the Tax Commission shall authorize and direct the recorder of mortgages to change the inscription of the tax mortgage.
 B. If the property erroneously assessed be owned by the state or any of its agencies or political subdivisions, including any town or municipality, it shall not be necessary to secure the verification and approval of the assessor of the parish or district, but a statement of the facts by an authorized officer, under oath, shall be sufficient.
 C. In case property erroneously assessed has been sold for taxes and adjudicated to a third party, the Tax Commission auditor shall authorize and direct the recorder of mortgages to cancel the sale. In case, however, the property has been bid in for adjudication to the state, the register of the State Land Office shall cancel the sale upon his records and direct the recorder of mortgages to cancel the act or deed of adjudication upon his records. (Emphasis added)
R.S. 47:1991 only applies in the event the assessment is a clerical error, or an erroneous or double assessment, or the property is exempt by the Louisiana Constitution from taxation. I have been advised that the situation at hand does not involve a clerical error, an erroneous or double assessment or property exempt by the Louisiana Constitution from taxation. Accordingly, if there is not an erroneous assessment, the second sentence of R.S. 47:2101(A)(3) allowing the taxpayer 15 days in which to pay without interest penalty, does not apply. Rather the first sentence of R.S. 47:2101(A)(3), quoted hereinbelow, would apply:
 "The interest on all ad valorem taxes, whether levied on movable or immovable property, which are delinquent shall begin on the thirty-first day of December of each and every year and shall bear interest from December thirty-first of such year until paid, at the rate of one percent per month
or any part thereof." (Emphasis added)
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS
Assistant Attorney General
RPI/MSH